ROBERT S. SCHUMACHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schumacher v. Commissioner
Docket No. 39624-85.
United States Tax Court
T.C. Memo 1987-567; 1987 Tax Ct. Memo LEXIS 565; 54 T.C.M. (CCH) 1081; T.C.M. (RIA) 87567; November 12, 1987. Robert S. Schumacher, pro se. Ellen Friberg, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: *566 This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies in Robert Schumacher's Federal income taxes in the amounts of $ 581 and $ 677 for the taxable years 1981 and 1982, respectively. Concessions having been made by both parties the issues remaining for decision are whether petitioner was entitled to a home office deduction and whether he may deduct as an employee business expense an amount spent to purchase a computer. At the time the petition herein was filed, petitioner resided in Little Falls, Minnesota. Petitioner was a school teacher who taught students how to use computers. In October 1982, he purchased a personal computer for $ 2,060.00 because he was told by a new superintendent of schools that any programs he created on school computers would belong to the school. *567 He used the computer at home to develop instructional programs. Subsequently, he allowed the computer to be used by Graceville Schools as a demonstrator in high school and adult education classes. After classes petitioner took the computer home and placed it in a spare bedroom, which he used as an office, in his trailer house. Petitioner admitted that the bedroom was used by his son when he visited. As a general rule a taxpayer is not allowed to deduct an expense with respect to the use of a dwelling unit used as a residence. Section 280A(a). An exception is provided where a portion of the dwelling is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer or as a place of business which is used by patients, clients or customers in meeting or dealing with the taxpayer. Section 280A(c). The use by an employee of an office in his home must be for the convenience of his employer. Section 162 allows a deduction for all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." If a computer is used for both business and personal purposes, then it must be primarily *568 used for business purposes with personal use "merely incidental and relatively insignificant." . The burden of proof is on petitioner to show that respondent's determination is incorrect. ; Rule 142(a). Petitioner has completely failed to carry his burden of proof. Petitioner used his time on the witness stand to air his grievances against the Internal Revenue Service. The Court and respondent had to exhaustively question petitioner to draw out any information about his claimed deductions. The meager evidence extracted from petitioner does not indicate that petitioner's home was his principal place of business, nor did it indicate the amount of personal use of the computer. Furthermore, petitioner stated at the end of trial that he was willing to concede the remaining issues and only kept the case open to express disenchantment with the Internal Revenue Service. We find for respondent on the two issues submitted for decision. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as in effect for the tax years in question, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩